### Kelley, et al. v. Williams, et al.

(Decided December 15, 1922.)

Appeal from Christian Circuit Court.

Quieting Title—Evidence.—Where two sets of heirs claim a tract of land and neither has any paper title and the evidence shows that the wife purchased the land and provided the money with which the husband paid for it, those claiming under the wife will be declared the owners of the property.

O. H. ANDERSON for appellants.

THOMAS P. COOK for appellees.

Opinion of the Court by Judge Sampson—Affirming.

Appellees, Ella Hester Williams and Henry Hodges, together with their spouses instituted this action in the Christian circuit court against Margaret Kelley and her husband and Beulah Smith to recover possession of a certain house and lot of ground situated in Christian county and to be adjudged the owners thereof together with damages for the wrongful withholding thereof. All the parties are colored people. Neither appellants nor appellees have any paper title whatever to the acre of ground in controversy. Appellants, Margaret Kelley and Beulah Smith, claim that their brother, John Burkes, purchased the lot by parol contract from one Hester some forty or fifty years ago and agreed to pay therefor the sum of $150.00; that he paid at the time of the purchase $50.00, and later paid $30.00, and at other times made three or four $5.00 payments, for each of which Hester gave to John Burkes receipts. Hester, however, gave no title bond or other writing obligating himself to convey the land to Burkes. In support of their claim that the land in controversy was purchased and in part paid for by John Burkes, Margaret Kelley and Beulah Smith testified and called witnesses to prove that Burkes frequently referred to the place as his, and had paid the taxes on it for many years and lived on and occupied it as a home; that some seventeen to twenty years before the institution of this action Burkes built an addition to the cabin and had used the property as if he owned it, and had said frequently in their presence that he did own it and that he had purchased it from Hester. They further state that shortly before the death of Burkes he told one or more persons that the property was his and that he had receipts for purchase money paid by him as well as tax receipts and other papers in his tool box up in the loft of the cabin, and after his death the said receipts for purchase money and taxes with other papers were found in the tool box upstairs. These receipts form the chief basis of appellants' claim to the land.

On the other hand, Ella Hester Williams and her niece, Henry Hodges, insist that the acre of ground in controversy was bought by Mima Burkes, mother of Ella Hester Williams and grandmother of Henry Hodges, and that Mima Burkes some forty, fifty or sixty years ago bought the ground from Hester and at

that time borrowed ten dollars ($10.00) from her brother to pay on the land, and Ella Hester Williams furnished forty ($40.00) dollars, and the two sums were handed to John Burkes, the husband of Mima Burkes, to pay on the lot to Hester, and that Hester wrote out the receipt of John Burkes; that later Mima and her daughter, Mrs. Williams, made a thirty ($30.00) dollar payment on the land for which Hester gave a receipt to John Burkes. All these payments were made by John Burkes, according to the claim of appellees with the money of appellees. Aunt Mima died some ten years ago survived by her husband, John Burkes, who lived until July 31, 1920, and this suit was shortly thereafter instituted. Several persons testified in support of the appellees' claim that they were present when Aunt Mima entered into the contract with Hester for the purchase of the land, and others testified that they saw Aunt Mima and her daughter, Mrs. Williams, give the money to John Burkes to be paid on the lot and that John Burkes took the money to Hester and got the receipt. They further state that John Burkes had no interest whatever in the money and paid no part of the purchase price for the lot, but that he did pay the taxes. The evidence preponderates in favor of the appellees on every question, and we are constrained to the view that the chancellor who tried the case arrived at a proper conclusion when he entered a decree adjudging the possession and ownership of the house and lot to Ella Hester Williams and Henry Hodges jointly, the former taking three-fourths and the latter one-fourth of the said property.

Judgment affirmed.